# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **R.L.**

**No. 23-229** (Wayne County CC-50-2022-JA-107)

## MEMORANDUM DECISION

Petitioner Mother K.L.[1] appeals the Circuit Court of Wayne County's March 22, 2023, order terminating her parental rights to R.L., arguing that the circuit court erred by not extending her improvement period and terminating her rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2022, the DHS filed a petition alleging that the petitioner, who was driving, and her mother were stopped by police and arrested for possession of controlled substances. R.L., who was two years old at the time, was in the back seat of the vehicle without a car seat, and the petitioner's mother was found with drugs in her possession. The petition detailed the petitioner's history with Child Protective Services ("CPS") and stated that her parental rights to four other children were previously involuntarily terminated.

In December 2022, the court held an adjudicatory hearing at which the CPS employee who filed the petition testified that the petitioner's parental rights to four other children had previously been involuntarily terminated due to her drug use and other circumstances. She further testified that the petitioner screened positive for amphetamines, methamphetamine, and THC earlier on the day of the adjudicatory hearing. Upon questioning about a previous improvement period in a prior case, the CPS employee confirmed that the petitioner was completely noncompliant and fled the state. Then, the petitioner testified, claiming she was unaware her mother was using drugs at the time of the traffic stop, she was en route to pick up a car seat for the child, and she intended to

---

[1] The petitioner appears by counsel Michael Meadows. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine Campbell. Counsel Scott Bellomy appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

move to Indiana. She denied any drug use, despite previous testimony indicating she screened positive. Ultimately, the court entered an order adjudicating the petitioner of neglecting the child due to her substance abuse issues, failing to protect the child by riding in a vehicle with a known drug user, and failing to use a proper car seat for the child.

In January 2023, the circuit court held a dispositional hearing at which a CPS employee testified that the petitioner tested positive for amphetamines, methamphetamine, and THC at a December 2022 multidisciplinary treatment team ("MDT") meeting. Further, the petitioner informed the MDT that she was pregnant. The witness further testified that the petitioner was not submitting to weekly drug screens, did not go to either of the two drug treatment facilities that were secured for her, and stopped attending visitations. The witness expressed concern that the petitioner was pregnant and continuing to test positive for THC and methamphetamine. Ultimately, the witness stated that the petitioner should not have an improvement period due to her lack of progress and her complete noncompliance during her previous improvement periods in prior proceedings. The petitioner testified, admitting she had a drug problem and expressing a desire to get treatment. She also testified that she could not attend her last few visitations with the child because no one would wake her up and she admitted to using methamphetamine as recently as December 2022. On February 1, 2023, the court entered an order granting the petitioner a post-adjudicatory improvement period.

On February 24, 2023, the court held a review hearing at which the petitioner requested an extension of her improvement period. The court heard testimony from a CPS employee who stated that the petitioner failed to maintain contact with the DHS, failed to enter the rehabilitation program secured for her, failed to submit to her drug screens, and failed to attend visitations with the child. In its March 2023 order, the court denied the petitioner's motion for an extension of her improvement period because she failed to remain in contact with the DHS and failed to submit to drug screens. The court terminated the petitioner's parental rights, finding that there was no reasonable likelihood that she could correct the circumstances of neglect in the reasonably foreseeable future. Further, the court found that placement with the petitioner would be contrary to the child's welfare and best interests. It is from this order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues first that the circuit court erred when it refused to extend her improvement period. However, the petitioner ignores the circuit court's findings that she failed to submit to drug screens and, overall, failed to participate in her improvement period. The circuit court may extend an improvement period when it finds that the participant has substantially complied with the terms of that improvement period. *See* W. Va. Code § 49-4-610(6). Here, the court specifically found that the petitioner did not participate in her improvement period, thus, an extension would be an exercise in futility. We find no error in the circuit court's decision in this regard.

---

[3] The father's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

The petitioner also argues that the circuit court erred when it terminated her parental rights, claiming that she acknowledged her drug problem and participated in her case plan "somewhat," thus, she was reasonably likely to correct the conditions of neglect. However, the petitioner's argument again ignores the circuit court's findings that she did not participate in her drug screens, did not stay in contact with the DHS, and failed to remain drug free. We have held that termination is appropriate "when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Based upon ample evidence, the court properly determined that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future and terminated the petitioner's parental rights. The court further concluded that termination of the petitioner's parental rights was necessary for the child's welfare, and this finding is supported by substantial evidence in the record. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon findings that there is no reasonable likelihood conditions of neglect can be substantially corrected and when necessary for child's welfare). Therefore, we decline to disturb the circuit court's findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 22, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: June 10, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn